**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Joann Brockington,

v.

NHC Lexington, and Premier Group Insurance Co., Inc., Carrier, Respondents,

v.

The South Carolina Second Injury Fund, Appellant.

Appellate Case No. 2013-001474

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2014-UP-465
Submitted November 1, 2014 – Filed December 17, 2014

———————

**AFFIRMED**

———————

Latonya Dilligard Edwards, of Dilligard Edwards, LLC, of Columbia, for Appellant.

Clarke W. McCants, III, of Nance, McCants & Massey, of Aiken, for Respondents.

———————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *Liberty Mut. Ins. Co. v. S.C. Second Injury Fund*, 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct. App. 2005) ("The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the workers' compensation commission."); *id.* ("The substantial evidence rule of the APA governs the standard of review in a workers' compensation decision."); *id.* at 620, 611 S.E.2d at 300 ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action."); *id.* at 620, 611 S.E.2d at 301 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."); *id.* ("Where there are conflicts in the evidence over a factual issue, the findings of the appellate panel are conclusive."); S.C. Code Ann. § 42-9-400(a) (Supp. 2013)  ("If an employee who has a permanent physical impairment from any cause or origin incurs a subsequent disability from injury by accident arising out of and in the course of his employment, resulting in compensation and medical payments liability or either, for disability that is substantially greater and is caused by aggravation of the preexisting impairment than that which would have resulted from the subsequent injury alone, the employer or his insurance carrier shall pay all awards of compensation and medical benefits provided by this title; but such employer or his insurance carrier shall be reimbursed from the [Fund] . . . ."); S.C. Code Ann. § 42-9-400(d) (Supp. 2013) ("'[P]ermanent physical impairment' means any permanent condition, whether congenital or due to injury or disease, of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining reemployment if the employee should become unemployed."); S.C. Code Ann. § 42-9-400(a)(2) (stating that "an employer or carrier must establish that his liability for medical payments is substantially greater by reason of the aggravation of the preexisting impairment than that which would have resulted from the subsequent injury alone").

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.